# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

PROGRESSIVE MICHIGAN
INSURANCE COMPANY,
    Plaintiff

v.

BLUE CARE NETWORK and BLUE CROSS
BLUE SHIELD OF MICHIGAN
    Defendants

CASE NO

Judge

| Kevin M. Mulvaney (P76915) <br> Lauren C. Rose (P81958) <br> WILSON, ELSER, MOSKOWITZ, <br> EDELMAN & DICKER, LLP <br> Attorneys for Progressive <br> 17197 N. Laurel Park Dr., S-201 <br> Livonia, MI 48152 <br> (313)327-3100 / (313) 327-3101 (fax) <br> kevin.mulvaney@wilsonelser.com <br> lauren.rose@wilsonelser.com <br> lori.george@wilsonelser.com | Stefanie R. Phillips (P76316) <br> OFFICE OF THE GENERAL COUNSEL <br> Attorney for Blue Care Network of Michigan and Blue Cross Blue Shield of MI <br> 600 East Lafayette Blvd., Suite 1925 <br> Detroit, MI 48226 <br> Phone: 313-225-8137 <br> sphillips@bcbsm.com |
|---|---|

## DEFENDANTS', BLUE CARE NETWORK AND BLUE CROSS BLUE SHIELD OF MICHIGAN, NOTICE OF REMOVAL

NOW COMES Defendants, Blue Care Network ("BCN") and Blue Cross Blue Shield of Michigan ("BCBSM"), and hereby removes Case No. 2018-170518-NF from the Oakland County Circuit Court, State of Michigan, to the United States District Court for the Eastern District of Michigan. The bases for removal are set forth below:

## STATEMENT OF GROUNDS FOR REMOVAL

1. On or about December 13, 2018, Plaintiff, ("Progressive"), filed a Complaint in the Oakland County Circuit Court, State of Michigan, entitled *Progressive Michigan Insurance Company v. Blue Care Network and Blue Cross Blue Shield of Michigan*, 2018-170518-NF (the "Circuit Court Action").

2. Plaintiff served the Complaint on BCN and BCBSM on December 20, 2018 by certified mail.

3. This notice of removal is being filed within thirty (30) days after receiving notice of the Complaint by service as required by 28 U.S.C. §1446(b).

4. Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint, which constitute all process and pleadings received by BCN in this action, are attached as Exhibit A.

5. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331.

6. Jurisdiction in this court is proper regardless of the amount in controversy or the citizenship of the parties. *See* 29 U.S.C. §1132(f).

7. Promptly after filing this Notice of Removal, written notice will be given to all parties and a copy will be filed with the Clerk of the Oakland County Circuit Court. *See* 28 U.S.C. §1446(d).

8. Venue is proper in this Court pursuant to 28 U.S.C. §§1441(a) and 1446(b) because the United States District Court for the Eastern District of Michigan is the federal judicial district embracing the Oakland County Circuit Court, where the District Action was originally filed.

## LEGAL STANDARD FOR REMOVAL

9. Ordinarily, the well-pleaded complaint rule governs whether a lawsuit should be litigated in federal or state court. Under that rule, jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipating of avoidance of defenses which it is thought the defendant may interpose." *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914).

10. However, the exception to the well-pleaded Complaint rule which applies in this case.

11. Specifically, "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8 (2003). This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.*

12. It is well-established that ERISA is one of the statutes to which the complete preemption doctrine applies as an exception to the well-pleaded complaint rule. *See Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).

13. More specifically, suits seeking payment of medical benefits filed by a participant in an ERISA plan are completely preempted by 29 U.S.C. §1132(a)(1)(B) and are removable. *Davila*, at 214.

## **PLAINTIFF'S FEDERAL CLAIMS**

14. According to Plaintiff's Complaint:

   a. On, or about, July 22, 2016, Diane Mills-Gutierrez sustained accidental bodily injury in a motor vehicle accident. *Compl*. at ¶10.

   b. Upon information and belief, at the time of the subject motor vehicle accident, Ms. Mills-Gutierrez had a coordinated policy or health insurance through Defendants thereby making the Defendants the primary insurer. *Id.* at ¶11.

   c. Ms. Mills-Gutierrez incurred medical expenses amounting to $250,215.75 for the medically necessary care and treatment at Mary Free Bed. *Id.* at ¶13.

   d. Ms. Mills-Gutierrez assigned to Mary Free Bed the right to pursue payment of the outstanding medical bill and designated Mary Free Bed as her representative to pursue payment. *Id.* at ¶15.

   e. As the secondary insurer, Plaintiff Progressive settled the claim with Mary Free Bed in the amount of $45,301.17. *Id.* at ¶17.

   f. Defendants are the primary insurer in this matter and as such Plaintiff is entitled to a full reimbursement of payments made to Mary Free Bed. *Id.* at ¶18.

15. During the relevant time frame, Diane Mills-Gutierrez received her insurance coverage through a Blue Care Network HMO plan established and maintained by Burcham Hills Retirement Center (the "Plan"). The Plan's BCN coverage is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. §1002(1) and (3).

16. Each of Plaintiff's counts against Defendants BCN and BCBSM are based on the contention that they wrongfully denied claims for health benefits that were submitted by Mary Free Bed.

17. Although no federal question may be apparent from the face of Plaintiff's Complaint, Plaintiff's claims are properly characterized as a 29 U.S.C. §1132(a)(1)(B) action to recover benefits from an employee welfare benefit plan governed by ERISA, thus his state law claims are completely preempted and this action is removable. *See Davila, supra*; *Brigolin v Blue Cross Blue Shield of Mich*, 516 F App'x 532, 540 n 3 (6th Cir, 2013); *Farm Bureau Gen Ins Co of Mich v Blue Cross Blue Shield of Mich*, 655 F App'x 483, 484 (CA 6, 2016

18. This action raises or involves serious questions of federal preemption. Although Plaintiff crafted its pleadings based upon state-law causes of action and theories of recovery, its suit seeks only to rectify what it asserts was a wrongful denial of benefits, therefore 29 U.S.C. §1132(a)(1)(B) provides Plaintiff's exclusive cause of action against Defendants. *See Davila*; *Metropolitan Life Ins.*

*Co. v. Taylor*, 481 U.S. at 63 – 64; *Partlow v. Person*, 798 F.Supp.2d 878, 883 – 84 (E.D. Mich. 2011).

## CONCLUSION

19. By this Notice of Removal, Defendants do not waive any defenses or objections they may have to this action. Defendants intend no admission of fact, law, or liability by this Notice and expressly reserves all defenses, motions, and/or pleas.

WHEREFORE, Defendants file this notice of removal and remove this civil action to the United States District Court for the Eastern District of Michigan. Plaintiff is notified to proceed no further in the State Action unless, or until, the case should be remanded by Order of the United States District Court for the Eastern District of Michigan.

Respectfully Submitted,

Date: January 17, 2019

/s/ STEFANIE R. PHILLIPS
Attorney for Blue Care Network and
Blue Cross Blue Shield of Michigan
600 East Lafayette Blvd., Suite 1925
Detroit, MI 48226
Phone: 313-225-8137
sphillips@bcbsm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will notify all counsel of record. In addition I emailed all counsel of record the foregoing paper that was filed with the Clerk of the court.

I declare that the above statements are true to the best of my information, knowledge, and belief

                                        /s/ Lisa Slicker
                                        Lisa Slicker

# EXHIBIT A

Office of the GENERAL COUNSEL

*Certif Mail*
*mstepansk*

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 6th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | 2018-170518-NF<br>JUDGE DANIEL P. O'BRIEN NF |

Court address: 1200 N Telegraph Road, Pontiac, MI 48341
Court telephone no.: 248-858-0582

**Plaintiff's name(s), address(es), and telephone no(s).**
Progressive Michigan Insurance Company

*Mills–Getting*
*CAS-01576   SP   LS*

**Plaintiff's attorney, bar no., address, and telephone no.**
Kevin M. Mulvaney(P76915), Lauren C. Rose (P81958)
Wilson Elser Moskowitz Edelman & Dicker, LLP
17197 N Laurel Park Drive, Suite 201
Livonia, MI 48152
(313) 327-3100

v

**Defendant's name(s), address(es), and telephone no(s).**
Blue Cross Blue Shield of Michigan

Laurine Symula Parmely, Registered Agent
600 East Lafayette Blvd, MC 1929
Detroit, MI 48226

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

12/13/2018 3:29 PM   Oakland County Clerk   Received for Filing   FILED

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where
it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 12/13/2018 | MAR 14 2019 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (8/18)  **SUMMONS**                                                    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6th  JUDICIAL CIRCUIT<br>COUNTY PROBATE | | SUMMONS | CASE NO.<br>2018-170518-NF<br>JUDGE DANIEL P. O'BRIEN |

Court address: 1200 N Telegraph Road, Pontiac, MI 48341
Court telephone no. 248-858-0582

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Progressive Michigan Insurance Company<br>*Mills-Gutierrez* | v | Blue Care Network<br>Laurine Symula Parmely, Registered Agent<br>600 East Lafayette Blvd, MC 1929<br>Detroit, MI 48226 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Kevin M. Mulvaney(P76915), Lauren C. Rose (P81958)<br>Wilson Elser Moskowitz Edelman & Dicker, LLP<br>17197 N Laurel Park Drive, Suite 201<br>Livonia, MI 48152<br>(313) 327-3100 | | This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling. |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.  [SUMMONS]

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 12/13/2018 | MAR 14 2019 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (8/18) SUMMONS    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

FILED  Received for Filing  Oakland County Clerk  12/13/2018 3:29 PM

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

Office of the Clerk

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

Certif. Mail
misdemean sh

PROGRESSIVE MICHIGAN INSURANCE COMPANY

2018-170518-NF
CASE NO.           - NF
HON.JUDGE DANIEL P. O'BRIEN

CAS-015176
SP
LS

Plaintiff,

vs.

BLUE CARE NETWORK and BLUE CROSS BLUE SHIELD OF MICHIGAN

Defendants.
_____/

| KEVIN M. MULVANEY (P76915)<br>LAUREN C. ROSE (P81958)<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER, LLP<br>Attorneys for Plaintiff Progressive<br>17197 N Laurel Park Drive, Suite 201<br>Livonia, MI 48152<br>(313) 327-3100 / (313) 327-3101 [FAX]<br>kevin.mulvaney@wilsonelser.com<br>lauren.rose@wilsonesler.com<br>lori.george@wilsonelser.com | |

_____/

## COMPLAINT

NOW COMES Plaintiff, PROGRESSIVE MICHIGAN INSURANCE COMPANY, by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, and hereby states as follows:

### PARTIES

1. That Plaintiff, Progressive Michigan Insurance Company, is a Michigan insurance company with its registered address at 6300 Wilson Mills Rd., Mayfield Village, Ohio 44143.

5602672v.1

FILED    Received for Filing    Oakland County Clerk    12/13/2018 3:29 PM

Plaintiff's registered agent, Tanisha L. Mayfield, is located at 46333 Five Mile Road, Suite #100, Plymouth, MI 48170.

2. Plaintiff conducts a regular and systematic part of its business in Oakland County, Michigan.

3. That Defendant, Blue Care Network, is located at 20500 Civic Center Drive, MC 455, Southfield, MI 48076. Defendant Blue Care Network's registered agent, Laurine Symula Parmely, is located at 600 East Lafayette Boulevard, MC 1929, Detroit, MI 48826.

4. That Defendant, Blue Cross Blue Shield of Michigan, is located at 600 East Lafayette Boulevard, MC 1929, Detroit, MI 48826. Defendant Blue Cross Blue Shield of Michigan's registered agent, Laurine Symula Parmely, is located at 600 East Lafayette Boulevard, MC 1929, Detroit, MI 48826.

5. Defendants Blue Care Network and Blue Cross Blue Shield of Michigan (hereinafter collectively referred to as "Defendants") conduct a regular and systematic part of their business in Oakland County, Michigan.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to MCL 600.601 and MCL 600.605

7. Venue is proper pursuant to MCL 600.1621.

8. The amount in controversy is greater than $25,000.00 exclusive of costs, interest, and attorney fees and this matter is otherwise within the equitable jurisdiction of this Court.

9. This case is within the jurisdiction and venue of this Court.

## FACTUAL ALLEGATIONS

10. On, or about, July 22, 2016, Diane Mills-Gutierrez sustained accidental bodily injury in a motor vehicle accident.

FILED Received for Filing Oakland County Clerk 12/13/2018 3:29 PM

11. Upon information and belief, at the time of the subject motor vehicle accident, Ms. Mills-Gutierrez had a coordinated policy of health insurance through Defendants, thereby making Defendants the primary insurer.

12. Upon information and belief, from August 1, 2016, through October 26, 2016, Ms. Mills-Gutierrez received medically necessary, and/or, reasonably necessary care and treatment for injuries arising out of the motor vehicle crash at Mary Free Bed Rehabilitation Hospital (hereinafter "Mary Free Bed"), located at 235 Wealthy Street, S.E., Grand Rapids, MI 49503.

13. Ms. Mills-Gutierrez incurred medical expenses amounting to $250,215.75 for the medically necessary care and treatment at Mary Free Bed.

14. Defendants, as the primary insurer, paid for some, but not all, of the treatment provided to Ms. Mills-Gutierrez, leaving a balance of $49,781.50 outstanding.

15. Ms. Mills-Gutierrez assigned to Mary Free Bed the right to pursue payment of the outstanding medical bill and designated Mary Free Bed as her representative to pursue payment.

16. Mary Free Bed initiated a lawsuit in the Saginaw County Circuit Court (Case No.: 17-034510-NF) against Plaintiff Progressive for payment of the outstanding medical bill.

17. As the secondary insurer, Plaintiff Progressive settled the claim with Mary Free Bed in the amount of $45,301.17.

18. Defendants are the primary insurer in this matter and as such Plaintiff is entitled to a full reimbursement of payments made to Mary Free Bed.

## COUNT I – BREACH OF CONTRACT

19. Plaintiff incorporates by reference paragraphs 1 through 18.

FILED Received for Filing Oakland County Clerk 12/13/2018 3:29 PM

5602672v.1

20. The underlying declaration's page, associated with the subject automobile insurance policy secured by Ms. Mills-Gutierrez, is evidence of a binding and legally enforceable contract.

21. The declaration's page clearly states that health insurance is coordinated with the automobile insurance, thereby making health insurance, provided by Defendants, primary.

22. Defendants health insurance policy provides that it is primary and responsible for all medical payments.

23. Plaintiff Progressive has fully performed all of its obligations under the contract.

24. Plaintiff Progressive has not materially or substantially breached the contract.

25. Defendants breached the contract by failing and refusing to pay the subject medical bill for reasonable, necessary, and related treatment performed by Mary Free Bed, thereby subjecting Plaintiff to pay for this medical expense.

26. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages in the amount of $45,301.17.

THEREFORE, Plaintiff, Progressive Michigan Insurance Company, requests judgment in its favor and against Defendants, jointly and severally, in the principal amount of $45,301.17, plus pre-filing and post-filing interest, all recoverable costs, and any other relief which this Court finds to be appropriate.

## COUNT II – BREACH OF TRIPARTITE CONTRACT

27. Plaintiff hereby incorporates by reference paragraphs 19 through 26.

28. The Progressive contract is a binding and legally enforceable contract.

29. Plaintiff Progressive has fully performed all of its obligations under the contract.

30. Plaintiff Progressive has not materially breached the contract.

FILED Received for Filing Oakland County Clerk 12/13/2018 3:29 PM

31. The Progressive contract and the Defendants' health insurance contract refer to one another, thereby creating one tripartite contract.

32. Defendants have breached the tripartite contract by failing and refusing to pay the Mary Free Bed medical bill, thereby forcing Plaintiff to pay same.

33. As a direct and proximate result of Defendants' breach, Plaintiff suffered damages in the amount of $45,301.17.

THEREFORE, Plaintiff, Progressive Michigan Insurance Company, requests judgment in its favor and against Defendants, jointly and severally, in the principal amount of $45,301.17, plus pre-filing and post-filing interest, all recoverable costs, and any other relief which this Court finds to be appropriate.

## COUNT III – EQUITABLE SUBROGATION

34. Plaintiff hereby incorporates by reference paragraphs 27 through 33.

35. It is clear Plaintiff is not the insurer responsible for the payment of Ms. Mills-Gutierrez's claims for no-fault benefits or those claimed on her behalf, as Plaintiff is not the primary insurer.

36. The primary insurer for said benefits is her health insurance company, provided by Defendants, as Ms. Mills-Gutierrez had a coordinated policy of insurance.

37. Accordingly, Plaintiff requests reimbursement for the payments it made to Mary Free Bed for Ms. Mills-Gutierrez's medical care and treatment.

THEREFORE, Plaintiff, Progressive Michigan Insurance Company, requests judgment in its favor and against Defendants, jointly and severally, in the principal amount of $45,301.17, plus pre-filing and post-filing interest, all recoverable costs, and any other relief which this Court finds to be appropriate.

FILED Received for Filing Oakland County Clerk 12/13/2018 3:29 PM

## COUNT IV – RECOUPMENT OF PAYMENTS PURSUANT TO MCL 500.3101, *et seq.*

38. Plaintiff hereby incorporates by reference paragraphs 34 through 37.

39. Coordinated health and automobile insurance policies are permitted under Michigan Law pursuant to MCL 500.3109a.

40. Based upon the coordination between Ms. Mills-Gutierrez's health insurance policy and automobile insurance policy, Defendants are primary and are required, under Michigan law, to reimburse Plaintiff for the benefits paid in the amount of $45,301.17.

41. Recoupment of payment is permitted, and has long been upheld by the Michigan Courts: "[H]ere an insurer, whose liability is arguably secondary to that of a primary insurer, pays the claim, it becomes subrogated to the rights of the insured." *Federal Kemper Ins. Co., v Western Ins. Co.*, 97 Mich App 204, 208; 293 NW2d 765 (1980).

THEREFORE, Plaintiff, Progressive Michigan Insurance Company, requests judgment in its favor and against Defendants, jointly and severally, in the principal amount of $45,301.17, plus pre-filing and post-filing interest, all recoverable costs, and any other relief which this Court finds to be appropriate.

## COUNT V - DECLARATORY RELIEF

42. Plaintiff hereby incorporates by reference paragraphs 38 through 41.

43. MCR 2.605(1) provides, "In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted."

44. An actual controversy exists in this matter with respect to Plaintiff Progressive's entitlement to recoupment from Defendants of the medical expenses paid by Plaintiff.

FILED Received for Filing Oakland County Clerk 12/13/2018 3:29 PM

5602672v.1

45. Plaintiff Progressive hereby requests a declaration from this Court that Plaintiff Progressive is secondary to Defendants Blue Care Network and Blue Cross Blue Shield, and that Progressive is entitled to recoupment from Defendants for the No-Fault benefits provided to Ms. Mills-Gutierrez performed by Mary Free Bed.

WHEREFORE, Plaintiff, PROGRESSIVE MICHIGAN INSURANCE COMPANY, respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against the DEFENDANTS. Plaintiff requests that this Court issue a declaration that it is entitled to full reimbursement of the claims paid on behalf of Ms. Mills-Gutierrez, together with a judgment in favor of Plaintiff against the Defendants in the amount of $$45,301.17, as reimbursement to be paid by the priority insurer. Finally, Plaintiff requests that this Honorable Court enter such other and further relief as equity and justice may require.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

/s/ Lauren C. Rose
KEVIN M. MULVANEY (P76915)
LAUREN C. ROSE (P81958)
Attorneys for Plaintiff Progressive
17197 N Laurel Park Drive, Suite 201
Livonia, MI 48152
(313) 327-3100

Dated: December 13, 2018

5602672v.1

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

PROGRESSIVE MICHIGAN INSURANCE COMPANY

Plaintiff,

vs.

BLUE CARE NETWORK and BLUE CROSS BLUE SHIELD OF MICHIGAN

Defendants.

2018-170518-NF
CASE NO.        NF
HON. JUDGE DANIEL P. O'BRIEN

KEVIN M. MULVANEY (P76915)
LAUREN C. ROSE (P81958)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
Attorneys for Plaintiff Progressive
17197 N Laurel Park Drive, Suite 201
Livonia, MI 48152
(313) 327-3100 / (313) 327-3101 [FAX]
kevin.mulvaney@wilsonelser.com
lauren.rose@wilsonelser.com

## DEMAND FOR JURY TRIAL

Plaintiff, PROGRESSIVE MICHIGAN INSURANCE COMPANY, hereby demands a jury trial in this matter.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

/s/ Lauren C. Rose
KEVIN M. MULVANEY (P76915)
LAUREN C. ROSE (P81958)
Attorneys for Plaintiff Progressive
17197 N Laurel Park Drive, Suite 201
Livonia, MI 48152
(313) 327-3100

Dated: December 13, 2018

5602672v.1