UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROGRESSIVE INSURANCE COMPANY,

Plaintiff,

Case No. 19-cv-10177

v.

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

BLUE CROSS BLUE SHIELD OF MICHIGAN
ET AL.,

Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [#8] AND GRANTING DEFENDANTS' MOTION TO DISMISS [#5]

### I. INTRODUCTION

Before the Court is Plaintiff Progressive Insurance Company's

("Progressive") Motion to Remand. Dkt. No. 8. Also before this Court is

Defendants' Motion to Dismiss. Dkt. No. 5. Plaintiffs filed this action in Oakland

County Circuit Court and Defendants removed the action to this Court, asserting

that this Court has jurisdiction over the matter pursuant to the Employee

Retirement Income Security Act of 1974 ("ERISA"). Plaintiff asserts that this

Court does not have federal question jurisdiction over this matter because this is

not a case arising under ERISA. Defendants move this Court to dismiss this action

alleging that Plaintiff does not have standing to pursue their claims and that Plaintiff failed to exhaust administrative remedies. For the reasons discussed below, this Court will deny Plaintiff's Motion to Remand and grant Defendants' Motion to Dismiss.

## II. FACTUAL BACKGROUND

On or about July 22, 2016, Diane Mills-Gutierrez sustained bodily injuries in a motor vehicle accident. Dkt. No. 1, pg. 12 (Pg. ID 12). At the time of the accident, Mills-Gutierrez had a health insurance policy through Defendants, the Blue Care Network ("BCN") and Blue Cross Blue Shield of Michigan ("Blue Cross"). *Id.* at pg. 13 (Pg. ID 13). It is not disputed that Mills-Gutierrez's employee benefits plan is an ERISA plan. *See* Dkt. No. 12, pg. 2 (Pg. ID 167) (Plaintiff stating that "Defendant is an ERISA plan."). Mills-Gutierrez received medically necessary treatment for injuries arising out of the automobile crash at the Mary Free Bed Rehabilitation Hospital ("Mary Free Bed") from August 1, 2016 through October 26, 2016. *Id.* Her medical expenses amounted to $250,215.75. *Id.* BCN paid for most of Mills-Gutierrez's treatment, but left a balance of $49,781.50 outstanding because it determined that some of her claims were not medically necessary. *Id.*; Dkt. No. 9, pg. 15 (Pg. ID 142).

Mills-Gutierrez assigned Mary Free Bed the right to pursue payment of the outstanding medical bill. *Id.* Mary Free Bed filed a lawsuit against Progressive for

payment of the outstanding medical bill. *Id.* Progressive settled the claim in the amount of $45,301.17. *Id.* However, Progressive asserts that Defendant Blue Cross is the primary insurer in this matter and therefore Progressive is entitled to a full reimbursement of the payments it made to Mary Free Bed. *Id.* Defendants do not dispute that they are the primary insurer. Dkt. No. 9, pg. 15 (Pg. ID 142).

Plaintiff filed the present action against Defendants on December 13, 2018 in Oakland County Circuit Court. Dkt. No. 1, pg. 11 (Pg. ID 11). Defendants removed the action to this Court on January 17, 2019. Dkt. No. 1. Defendants' Notice of Removal asserts that removal to this Court is proper because this is a suit seeking payment of medical benefits filed by a participant in an employee welfare benefit plan (the Blue Care Network Plan) as defined by ERISA. *Id.* at pg. 5 (Pg. ID 5). Therefore, Defendants assert that ERISA preempts this suit and is removable to this Court. *Id.* Plaintiff filed the present Motion to Remand on February 6, 2019. Defendants opposed the Motion on February 20, 2019. Dkt. No. 9. Plaintiff replied on February 27, 2019. Dkt. No. 12.

### III. LEGAL STANDARD

The removal statute states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). Determination of whether a particular case arises under federal law turns on the well-pleaded

complaint rule. The well-pleaded complaint rule holds that a cause of action arises under federal law when the plaintiff's well-pleaded complaint raises issue of federal law. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). A defense of federal preemption is not grounds for federal question jurisdiction because the defense does not appear on the face of a well-pleaded complaint. *Id.* An exception to the well-pleaded complaint rule exists where a federal statute has completely preempted a particular area of a complaint, making the claims "necessarily federal in character." *See id.* at 63–64. In other words, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

## IV. DISCUSSION

1. Motion to Remand

Plaintiff's Motion to Remand argues that it seeks relief pursuant to M.C.L. 500.3109a and not ERISA. Dkt. No. 8, pg. 3 (Pg. ID 98). Plaintiff contends that it never mentioned ERISA in its complaint. *Id.* at pg. 4 (Pg. ID 99). Plaintiff also states that Defendants failed to state how the employee benefit plan is funded in their Notice of Removal, which is critical information to have in order for this Court to exercise subject matter jurisdiction over this case. *Id.* Plaintiff asserts that

if a plan is not self-funded, then ERISA is not applicable and state law governs. *Id.* at pg. 10 (Pg. ID 100).

Defendant asserts that ERISA completely preempts the claims asserted in Plaintiff's complaint pursuant to the two-prong test asserted in *Aetna Health Inc. v. Davila*. 542 U.S. 200 (2004). Dkt. No. 9, pg. 16 (Pg. ID 143).

ERISA § 502(a)(1)(B) states that: "A civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA completely preempts a claim brought under state law "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

In *Aetna Health Inc. v. Davila*, the Supreme Court of the United States found that ERISA completely preempted the respondents' claims brought pursuant to a Texas statute. 542 U.S. 200, 214 (2004). One of the respondents in the case was a participant in an ERISA-regulated plan and the second respondent was a beneficiary of an ERISA-regulated plan. *Id.* at pg. 204. Neither of the respondents'

plans were self-funded. Both respondents allegedly suffered injuries arising from their insurers' decisions to not provide coverage for certain treatment and services. *Id.* at 204–205. The respondents brought separate suits in Texas state court under a Texas statute. *Id.* at 205. Both respondents argued that the petitioners' refusal to cover the requested services violated their duty to exercise ordinary care when making health care treatment decisions. *Id.* The petitioners removed the actions to federal court, arguing that ERISA completely preempted the claims. *Id.*

The *Davila* court reasoned that if a managed care entity correctly concluded that, under the terms of the relevant plan, a particular treatment was not covered, the managed care entity's denial of coverage would not be a proximate cause of any injuries arising from the denial. Rather, the failure of the plan itself to cover the requested treatment would be the proximate cause. *Id.* at 213. Therefore, a managed care entity could not be liable under state law if it denied coverage for treatment not covered by the health care plan that it was administering. *Id.* The court determined that interpreting respondents' benefit plans was an essential part of their state law claims, and liability under state law would only exists because of the petitioners' administration of ERISA-regulated benefit plans. *Id.* Therefore, the respondents' causes of action were not entirely independent of ERISA. *Id.* ERISA preempted. *Id.*

The Sixth Circuit held that ERISA preemption did not apply in *Gardner v. Heartland Industrial Partners, LP*. 715 F.3d 609, 614 (6th Cir. 2013). In *Gardner*, the Defendants were an investment firm and its founders who agreed to sell the ownership interest that it had in a corporation to another investment firm. *Id.* at 611. In order to maintain the deal, the defendants invalidated their firm's supplemental executive retirement plan ("SERP"). *Id.* at 612. One month after the deal closed, defendants notified the plaintiffs that they had invalidated the SERP. *Id.* Plaintiffs then brought suit in the Wayne County Michigan Circuit Court for tortious interference with contractual relations. *Id.* The factual basis for the plaintiffs' claim was the role of the defendants in invalidating the SERP. *Id.*

The Sixth Circuit concluded that the defendants' duty to not interfere with the plaintiffs' SERP agreement arose under Michigan tort law, and not the terms of the SERP itself. *Id.* at 614. The court reasoned that the defendants' duty was not derived from or conditioned upon the terms of the SERP. *Id.* No one needed to interpret the SERP plan in order to determine the defendants' duty. *Id.* Therefore, defendants' duty to not interfere with the SERP was independent of ERISA and the plan terms and ERISA did not preempt the action. *Id.*

The Sixth Circuit has also held that ERISA did not preempt a complaint where the plaintiff alleged that the hospital defendant overcharged her for care. *K.B. by & through Qassis v. Methodist Healthcare - Memphis Hosps.*, No. 18-

6128, 2019 WL 3024729, at *3 (6th Cir. July 11, 2019). The *K.B.* court concluded that, "[i]n cases where ERISA does completely preempt a state claim, the plaintiff usually alleges that a medical provider denied coverage because an insurer refused to pay." *Id.*

The court's inquiry in this matter is a "case-specific one that requires examination of the complaint and its alleged facts, the state law on which the claims are based, and various plan documents." *Milby v. MCMC LLC*, 844 F.3d 605, 611–12 (6th Cir. 2016). Here, Plaintiff's complaint states that it is entitled to a full reimbursement of the payments that it made to Mary Free Bed Dkt. No. 1, pg. 13 (Pg. ID 13). The complaint brings a count of breach of contract, breach of tripartite contract equitable subrogation, recoupment of payments pursuant to M.C.L. 500.3101, and declaratory relief. *Id.* at pgs. 13–16 (Pg. ID 13–16). The recoupment count states that Defendants are the primary insurer under Mills-Gutierrez's health insurance policy and are required to reimburse Plaintiffs for the benefits it paid pursuant to Michigan law. *Id.* at pg. 16 (Pg. ID 16).

Plaintiff states that it brings its claim pursuant to M.C.L. 500.3109a. The statute states that "[i]f the named insured has qualified health coverage as defined in section 3107d(7)(b)(*i*) that will cover injuries that occur as the result of a motor vehicle accident." Mich. Comp. Laws Ann. § 500.3109a. Plaintiff asserts that under this statute, Defendants are the primary insurer for the treatment that Mills-

-8-

Gutierrez received for her motor vehicle accident injuries. Therefore, Defendants were required to pay Mills-Gutierrez's unpaid medical bill balance and must reimburse Plaintiff for what it paid to Mary Free Bed.

The first prong of the *Davila* test requires this Court to consider if Mills-Gutierrez could have brought her claim under ERISA§ 502(a)(1)(B) at some point in time. The second prong of the *Davila* test requires this Court to consider if there is another independent legal duty that is implicated by Defendants' actions. If there is no other independent legal duty, then this action is completely preempted by ERISA.

Neither party presented this Court with the terms of Mills-Gutierrez's benefit plan. However, in order for this Court to determine if Defendants are liable to Plaintiff, the Court would have to determine if Defendants were required to pay the balance of Mills-Gutierrez's medical bill under her benefit plan. This Court would be required to determine if certain treatments are covered under the terms of the plan, like the *Davila* court. This would require interpretation of the plan, similar to in *Davila.* Unlike the *Gardner* and *K.B.* courts, this Court would ultimately be required to interpret Mills-Gutierrez's benefit plan to determine if Defendants are liable. Therefore, Mills-Gutierrez could have brought her claim under ERISA§ 502(a)(1)(B) at some point in time and there is no other independent legal duty implicated by Defendants' refusal to pay the balance of

Mills-Gutierrez's medical bills. This Court thus finds that it has jurisdiction of this matter pursuant to ERISA.

### 2. Motion to Dismiss

Next, this Court will consider Defendants' Motion to Dismiss.

### a. ERISA Preemption

Defendants first argue in their Motion to Dismiss that this Court should dismiss Plaintiff's state law claims because they are preempted by ERISA. Dkt. No. 5, pg. 14 (Pg. ID 38). Plaintiff asserts that ERISA does not preempt its claims. Dkt. No. 7, pg. 17 (Pg. ID 72).

This Court has concluded above that ERISA preempts Plaintiff's claims. However, this Court will re-characterize Plaintiff's claims as claims to recover under ERISA rather than dismissing Plaintiff's complaint.

### b. Standing

Second, Defendants argue that Plaintiff does not have standing to pursue this claim because it is neither a participant nor a beneficiary. Dkt. No. 5, pg. 15 (Pg. ID 39). Plaintiff does not respond to Defendants' standing argument. *See* Dkt. No. 7. However, Plaintiff's opposition to Defendants' Motion to Dismiss routinely asserts that it brings its claims pursuant to state law and not ERISA. *Id.*

The Sixth Circuit considered a similar issue in *Farm Bureau Gen. Ins. Co. of Mich. v. Blue Cross Blue Shield of Mich*. 655 F. App'x 483, 487 (6th Cir. 2016). In *Farm Bureau*, an individual, Mr. Van Camp, suffered injuries in a car accident and was insured by both Farm Bureau and an ERISA plan administered by Blue Cross Blue Shield of Michigan. *Id.* at 484. Blue Cross contended that its plan did not cover the medical services that Mr. Van Camp received because they were not medically necessary. *Id.* Farm Bureau had not yet paid Mr. Van Camp's medical bills but brought suit seeking a declaration of coverage and reimbursement or recoupment from Blue Cross Blue Shield. *Id.* During a pending motion to dismiss in district court, Farm Bureau paid Mr. Van Camp's medical bills. *Id.* at 486. The district court dismissed Farm Bureau's claims for failure to exhaust administrative remedies, among other things. *Id.*

On appeal, the Sixth Circuit affirmed the district court, finding that Farm Bureau did not have standing to bring its claim. *Id.* at 487. The court reasoned that under ERISA, the only potential plaintiffs to an ERISA action are participants, beneficiaries, and fiduciaries of an ERISA plan. *Id.* The court further noted that the Sixth Circuit expanded the class of plaintiffs to include assignees, and possibly subrogees, of participants and beneficiaries. *Id.* However, the court noted that, "beyond these narrow expansions, no other plaintiff may bring an action under [ERISA]." Farm Bureau conceded that it was not a participant or an assignee in

Van Camp's ERISA plan. *Id.* Therefore, the court determined that Farm Bureau did not fall into one of the Plaintiff categories outlines in ERISA and that it did not have standing to assert its claim. *Id.*

Here, Plaintiff Progressive is neither a beneficiary nor a participant in Mills-Gutierrez's plan. Nor is Plaintiff an assignee, as Mills-Gutierrez assigned Mary Free Bed the right to pursue payment of her outstanding medical bill. Lastly, Plaintiff is not a subrogee. "'Subrogation' simply means substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against a third party." 23 Mich. Civ. Jur. Subrogation § 1 (quoting *U.S. Airways Inc. v. McCutchen*, 569 U.S. 88 (2013)). Here, Plaintiff is not a subrogee of Mary Free Bed because Mary Free Bed asserted its assigned rights against Plaintiff. Nor is Plaintiff a subrogee of Mills-Gutierrez because she assigned her rights to Mary Free Bed. For these reasons, the Court concludes that Plaintiff does not have standing to pursue its claims because it does not fall into one of the Plaintiff categories outlined in ERISA or Sixth Circuit case law.

c. Exhaustion of Administrative Remedies

Lastly, Defendants state that Plaintiff has failed to exhaust the administrative remedies available under Mills-Gutierrez's benefit plan. Dkt. No. 5, pg. 17 (Pg. ID 41). Plaintiff argues that it is not required to exhaust administrative remedies

because it is a no-fault insurer seeking recoupment under Michigan common law and not a participant. Dkt. No. 7, pg. 21 (Pg. ID 76). Alternatively, Plaintiff asserts that upon information and belief, Mills-Gutierrez and her health care provider exhausted administrative remedies. *Id.* at pg. 22 (Pg. ID 77).

Exhaustion of administrative remedies is a prerequisite to filing a lawsuit pursuant to ERISA. *See Weiner v. Klais & Co.*, 108 F.3d 86, 91 (6th Cir. 1997). The record shows that neither Mills-Gutierrez nor her health care provider exhausted the available administrative remedies through an appeals process. Karen, Draper, a Team Leader at BCN, stated in a sworn affidavit that there is no file of an appeals process for Mills-Gutierrez's case. Dkt. No. 10-2.

## V. CONCLUSION

For the reasons discussed herein, the Court will deny Plaintiff's Motion to Remand. Plaintiff does not have standing and failed to exhaust administrative remedies, so this Court will grant Defendants' Motion to Dismiss.

SO ORDERED.

Dated:      July 25, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 25, 2019, by electronic and/or ordinary mail.

/s/ Teresa McGovern

Case Manager